IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF AIR MEDICAL SERVICES,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>*Defendants*. | Civ. No. 1:21-cv-3031 (RJL) |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rules 7(h)(2) and 7(n), plaintiff Association of Air Medical Services (AAMS) moves for an order granting summary judgment on all claims in the Complaint and vacating the challenged portions of the interim final rules (IFRs) promulgated by defendants. *See Requirements Related to Surprise Billing; Part II*, 86 Fed. Reg. 55,980 (Oct. 7, 2021) and *Requirements Related to Surprise Billing; Part I*, 86 Fed. Reg. 36,872 (July 13, 2021). AAMS relies upon the declarations attached to the Complaint and, for further support, submits its memorandum of points and authorities, the declaration of Christopher Eastlee, and the declaration of Robert Sannerud.[1] A proposed order accompanies this motion.

As more fully set forth in the accompanying memorandum of points and authorities, AAMS is entitled to summary judgment on its claims because the IFRs were issued in excess of statutory jurisdiction, authority, or limitations and are arbitrary, capricious, an abuse of discretion, and contrary to law in violation of the Administrative Procedure Act.

---

[1] Relief on AAMS's claims does not turn on the administrative record. The statutory text, regulatory text, and preambles to IFR Parts I and II establish that the challenged provisions must be set aside under the Administrative Procedure Act.

Congress enacted the No Surprises Act to end surprise billing and remove patients from the middle of payment disputes between group health plans or issuers and air ambulance providers. The Act forces plans and issuers to come to the negotiating table with air ambulance providers and agree on a fair and reasonable rate for their critical services. Otherwise, the air ambulance provider and the plan or issuer must resolve their dispute through an independent dispute resolution (IDR) process Congress carefully designed. Either way, patients are not left with surprise bills.

Congress's design, however, was undone by the Departments' issuance of the IFRs. IFR Part II makes the "qualifying payment amount" (QPA)—which plans and issuers determine unilaterally—presumptively dispositive of any payment dispute and *requires* the IDR entity to select the offer that is closest to that amount. It does so notwithstanding the statutory directive that the IDR entity "shall consider" an enumerated list of circumstances, only one of which is the QPA. IFR Part I compounds this error by purposefully depressing the QPA for air ambulance services in a manner contrary to the statutory text and wholly divorced from market realities. In sum, the IFRs flip the statutory text on its head.

The Court should grant summary judgment to AAMS and enter final judgment:

(a.) Setting aside the following elements of the interim final rule entitled *Requirements Related to Surprise Billing; Part II*, 86 Fed. Reg. 55,980 (Oct. 7, 2021):

- 45 C.F.R. § 149.510(c)(4)(ii)(A), 26 C.F.R. § 54.9816-8T(c)(4)(ii)(A), and 29 C.F.R. § 2590.716-8(c)(4)(ii)(A)'s direction that "[t]he certified IDR entity must select the offer closest to the qualifying payment amount unless the certified IDR entity determines that credible information submitted by either party under paragraph (c)(4)(i) clearly demonstrates that the qualifying payment amount is materially different from the appropriate out-of-network rate, or if the offers are equally distant from the qualifying payment amount but in opposing directions. In these cases, the certified IDR entity must select the offer as the out-of-network

> rate that the certified IDR entity determines best represents the value of the qualified IDR item or services, which could be either offer."

- 45 C.F.R. § 149.520(b)(2), 26 C.F.R. § 54.9817-2T(b)(2), and 29 C.F.R. § 2590.717-2(b)(2)'s related direction limiting consideration of "Additional information submitted by a party" only to information that is "credible, relates to the circumstances described in paragraphs (b)(2)(i) through (vi) of this section," and "clearly demonstrate[s] that the qualifying payment amount is materially different from the appropriate out-of-network rate."

(b.) Setting aside the following elements of the interim final rule entitled *Requirements Related to Surprise Billing; Part I*, 86 Fed. Reg. 36,872 (July 13, 2021):

- 45 C.F.R. § 149.140(a)(1), 26 C.F.R. § 54.9816-6T(a)(1), and 29 C.F.R. § 2590.716-6(a)(1)'s direction that "[s]olely for purposes of this definition, a single case agreement, letter of agreement, or other similar arrangement between a provider, facility, or air ambulance provider and a plan, used to supplement the network of the plan for a specific participant or beneficiary in unique circumstances, does not constitute a contract."

- 45 C.F.R § 149.140(a)(7)(ii)(B), 26 C.F.R. § 54.9816-6T(a)(7)(ii)(B),[2] and 29 C.F.R. § 2590.716-6(a)(7)(ii)(B)'s provision that "[i]f a plan or issuer does not have sufficient information to calculate the median of the contracted rates described in paragraph (b) of this section for an air ambulance service provided in a geographic region described in paragraph (a)(7)(ii)(A) of this section, one region consisting of all metropolitan statistical areas, as described by the U.S. Office of Management and Budget and published by the U.S. Census Bureau, in

---

[2] 26 C.F.R. § 54.9816-6T(a)(7)(ii)(B) does not include "or issuer."

each Census division and one region consisting of all other portions of the Census division, as described by the U.S. Census Bureau, determined based on the point of pick-up (as defined in 42 CFR 414.605)."

- 45 C.F.R. § 149.140(a)(12), 26 C.F.R. § 54.9816-6T(a)(12), and 29 C.F.R. § 2590.716-6(a)(12)'s provision that "except that, with respect to air ambulance services, all providers of air ambulance services are considered to be a single provider specialty."

Dated: December 10, 2021

Respectfully submitted,

/s/ *Brian R. Stimson*
Brian R. Stimson (D.C. Bar No. 1657563)
Sarah P. Hogarth (D.C. Bar. No. 1033884)
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, DC 20001
(202) 756-8000
bstimson@mwe.com
shogarth@mwe.com

*Attorneys for Plaintiff*
*Association of Air Medical Services*