IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF AIR MEDICAL SERVICES,<br><br>          Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>          Defendants. | No. 1:21-cv-03031-RJL |
| AMERICAN MEDICAL ASSOCIATION, *et al.*,<br><br>          Plaintiffs,<br><br>    v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>          Defendants. | No. 1:21-cv-03231-RJL |

**MOTION TO CONSOLIDATE CASES OR, IN THE ALTERNATIVE,
FOR AN EXTENSION OF TIME**

    The Defendants respectfully move to consolidate the above-captioned cases for the following purposes: (1) the filing of a single reply brief by the Defendants, not to exceed 30 pages, in support of their cross-motions for summary judgment in these cases; (2) the preparation of a single joint appendix of administrative record materials for this Court's review; (3) oral argument, if the Court desires to hold argument; and (4) decision. In the alternative, the Defendants

1

respectfully move for a one-week extension of time for the filing of their reply brief in No. 21-3031, to and including February 18, 2022. Counsel for the Defendants has consulted with counsel for both sets of Plaintiffs; this motion is partially opposed, as explained in more detail in paragraph 9 below. Good cause exists for this motion for the following reasons:

1. These cases involve two rulemakings that the Defendant agencies in this litigation—the Departments of Treasury, Labor, and Health and Human Services, and the Office of Personnel Management—undertook to implement the No Surprises Act, Pub. L. No. 116-260, div. BB, tit. I, 134 Stat. 1182, 2757-2890 (Dec. 27, 2020). In both cases, the Plaintiff or Plaintiffs challenge the validity of portions of *Requirements Related to Surprise Billing; Part II*, 86 Fed. Reg. 55,980 (Oct. 7, 2021). The Plaintiff in No. 21-3031 also challenges the validity of portions of an earlier, related rule, *Requirements Related to Surprise Billing; Part I*, 86 Fed. Reg. 36,872 (July 13, 2021).

2. The Plaintiff in No. 21-3031 filed its complaint on November 16, 2021, ECF No. 1, and its motion for summary judgment on December 10, 2021, ECF No. 5. The Defendants filed their cross-motion for summary judgment on January 18, 2022. ECF No. 10. The Plaintiff's reply brief is currently due to be filed on February 1, 2022, and the Defendants' reply brief is due to be filed on February 11, 2022.

3. The Plaintiffs in No. 21-3231 filed their complaint on December 9, 2021, ECF No. 1, and their motion for summary judgment on December 9, 2021, ECF No. 3. The Defendants filed their cross-motion for summary judgment on January 24, 2022. ECF No. 51. The Plaintiffs' reply brief is currently due to be filed on February 7, 2022, and the Defendants' reply brief is due to be filed on February 18, 2022.

4. These cases predominantly involve common issues. In both cases, the Plaintiff or Plaintiffs primarily contend that the Departments' *Part II* rule unlawfully addressed the factors for

arbitrators to consider in resolving disputes over out-of-network payment amounts between providers and health insurance issuers or group health plans. Both sets of Plaintiffs raise broadly similar arguments in support of their challenges to the *Part II* rule. In both cases, the Defendants have explained in their briefing that the challenged rule is a lawful exercise of their authority to establish the No Surprises Act's arbitration procedures under 42 U.S.C. § 300gg-111(c). Consequently, the Court would likely be presented with duplicative arguments if the Defendants were to file separate reply briefs in the two cases. Leave to file a single reply brief would streamline this Court's consideration of the issues presented in these two cases. The Defendants respectfully request that they be afforded leave to file a single brief of no more than 30 pages, rather than two briefs of 25 pages each.

5. The administrative records in the two cases with respect to the challenge to the *Part II* rule are identical, although the administrative record in No. 21-3031 contains additional material that is relevant to the second challenge brought by the Plaintiff in that case to portions of the *Part I* rule. The preparation of a single joint appendix in the two cases would avoid the possibility that the Court would be burdened with the filing of voluminous and duplicative records in the two cases.

6. If this Court desires to hear oral argument on the cross-motions for summary judgment, it would serve the interests of efficiency for the two cases to be heard together, given the overlapping issues in the two cases. Likewise, given the common issues across the two cases, it would serve the interests of judicial economy to decide the two cases together.

7. Consolidation of the two cases is therefore appropriate under Federal Rule of Civil Procedure 42(a). This Court has "broad discretion in determining whether to consolidate related cases." *Biochem Pharma, Inc. v. Emory Univ.*, 148 F. Supp. 2d 11, 13 (D.D.C. 2001). In

exercising that discretion, the Court must "weigh considerations of convenience and economy against considerations of confusion and prejudice." *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003). The balance will typically weigh in favor of consolidation if the two "actions present an identical question of law," and "consolidation would save time and effort ... by resolving this issue in one proceeding rather than two." *Hanson v. District of Columbia*, 257 F.R.D. 19, 22 (D.D.C. 2009). One of the core functions of consolidation is to "relieve[ ] the parties and the Court of the burden of duplicative pleadings and Court orders." *New York v. Microsoft Corp.*, 209 F. Supp. 2d 132, 148 (D.D.C. 2002). All of these considerations point in favor of this Court exercising its discretion to consolidate these two cases. The interests of convenience and economy weigh heavily in favor of avoiding duplicative pleadings or duplicative Court orders, and there is no danger of confusion or prejudice in these record-review cases.

8. In the event that consolidation is denied, the Defendants respectfully move in the alternative for a one-week extension of time to file their reply brief in No. 21-3031, to and including February 18, 2022. Good cause exists for this request as well, as counsel for the Defendants is required to appear for oral argument on summary judgment motions in *Amalgamated Transit Union, International v. U.S. Department of Labor*, No. 20-cv-953 (E.D. Cal.), on February 11, 2022, which is the current deadline for the filing of the reply brief in No. 21-3031. This short extension will not delay the Court's consideration of these cases, given that the Defendants do not seek an extension past the deadline for the filing of the final brief in these two cases.

9. Counsel for the Defendants has consulted with counsel for both sets of Plaintiffs regarding this motion. On conditions stated in more detail below, the Plaintiff in No. 21-3031 consents to (1) the Defendants' filing of a single 30-page reply, (2) the filing of a single joint appendix, and (3) the holding of a joint hearing, and takes no position on the request to consolidate

the cases for purposes of disposition. The Plaintiff in No. 21-3031 joins the Defendants in requesting an adjustment to the briefing schedule to provide a one-week extension for both parties' reply briefs, so that the Plaintiff's reply brief is due on February 8, 2022, and the Defendants' reply brief is due on February 18, 2022. The Plaintiffs in No. 21-3231 oppose consolidation, but do not oppose (1) the government's filing of a single 30-page reply on each docket, (2) a shared joint appendix to be filed on each docket; or (3) a joint hearing, if the court prefers. The Plaintiffs in No. 21-3231 state that they object to consolidation for disposition or otherwise in light of the differences between the two cases (in terms of asserted claims, requested relief, and irreparable harm), and they intend to file a response to this motion.

10. The Plaintiff in No. 21-3031 does not object to the relief requested by the Defendants in this motion but renews its request that the Court schedule a hearing on its summary judgment motion and the Defendants' cross-summary judgment motion within 14 days of the completion of briefing or as soon as practicable thereafter. The Plaintiff in No. 21-3031 renews its request for a hearing based on the ongoing operational disruptions to its members and the short time remaining before IDR entities begin issuing decisions. The Defendants do not agree that the Plaintiff's members face operational disruptions from the rules, but they take no position on the Plaintiff's renewed request for a hearing, and they defer to the Court's preferences with regard to the need for, and the scheduling of, a hearing.

11. The Defendants understand the Plaintiffs in No. 21-3231 to base their partial opposition on two grounds. First, they assert that the administrative record is not necessary to resolve their challenge to the *Part II* rule. The Defendants disagree with this assertion; the Defendants' summary judgment brief in No. 21-3231 includes extensive citations to the administrative record to explain, *inter alia*, how surprise billing practices have driven up the costs

of health care, and how Congress designed a system to control health care costs, including a methodology that makes it more likely that providers' reimbursement for out-of-network medical services will approximate the price that those services would command in a free and functional market.  *See* Defs.' Mem. in Supp. of Cross-Mot. for S.J. at 3-13, ECF No. 51-1, No. 21-3231.  Second, the Plaintiffs in No. 21-3231 assert that consolidation is not warranted due to their pending motion for a stay under 5 U.S.C. § 705.  The Defendants, however, have explained that this stay motion is meritless for multiple reasons, including these Plaintiffs' unexplained delay in bringing their suit more than two months after the rule was published and after other suits to challenge the rule were filed.  *See* Defs.' Mem. in Supp. of Cross-Mot. for S.J. at 32-34, ECF No. 51-1, No. 21-3231.  The stay motion should not interfere with this Court's decision as to whether consolidation serves the interests of judicial economy, then.

      WHEREFORE, the Defendants respectfully move to consolidate the above-captioned cases for the following purposes:  (1) the filing of a single reply brief by the Defendants, not to exceed 30 pages, in support of their cross-motion for summary judgment in these cases; (2) the preparation of a single joint appendix of administrative record materials for this Court's review; (3) oral argument, if the Court desires to hold argument; and (4) decision.  In the alternative, the Defendants respectfully move for a one-week extension of time for the filing of their reply brief in No. 21-3031, to and including February 18, 2022.

Dated: January 26, 2022                     Respectfully submitted,

                                            BRIAN M. BOYNTON
                                            Acting Assistant Attorney General

                                            ERIC B. BECKENHAUER
                                            Assistant Branch Director

                                            */s/ Joel McElvain*
                                            JOEL McELVAIN
                                            Senior Trial Counsel
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street, NW
                                            Washington, DC 20005
                                            Phone: (202) 616-8298
                                            Fax: (202) 616-8470
                                            E-mail: joel.l.mcelvain@usdoj.gov

                                            *Counsel for Defendants*