UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF AIR MEDICAL SERVICES, *et al.*,<br><br>                                *Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>                                *Defendants*. | Civ. Action No. 1:21-cv-3031-RJL |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs in the AMA/AHA action respectfully notify the Court of the February 23 decision in *Texas Medical Association v. U.S. Department of Health and Human Services*, No. 6:21-cv-00425 (Exhibit A). That case, like this one, challenges portions of the September Rule, 86 Fed. Reg. 55,980 (Oct. 7, 2021), creating a presumption that the QPA is the appropriate out-of-network rate. The court's opinion supports entry of a similar order by this Court vacating as unlawful the somewhat broader list of provisions challenged by plaintiffs here (and their nationwide membership), for which there is no question of standing.

*First*, citing the same D.C. Circuit authority on which plaintiffs rely, the court held that the Act "plainly requires" arbitrators to consider "all" the Subparagraph C Factors and *not* "weigh any one factor or circumstance more heavily than the others." Op. 17. Because "the Act is unambiguous," the Departments were not entitled to *Chevron* deference. Op. 16.

*Second*, the court determined that the Departments violated the APA by bypassing notice and comment: they had a full year to promulgate the Rule and lacked good cause to ignore the APA's procedural requirements. Op. 24-27.

1

*Third*, the court held that the proper remedy was vacatur of the provisions challenged there. Given the Rule's "serious[]" deficiencies, "there is nothing the Departments can do on remand to rehabilitate or justify the challenged portions of the Rule." Op. 32. And vacatur would not be unduly disruptive because the remaining provisions of the Rule and Act provide a sufficient framework to resolve payment disputes through arbitration. Op. 33.

For the same reasons, this Court should enter an order holding unlawful and vacating the provisions challenged by the AMA/AHA plaintiffs without delay (and without awaiting adjudication of AAMS's distinct claim challenging a separate rule). Further action by this Court is warranted because the AMA/AHA plaintiffs challenge additional provisions: 45 C.F.R. § 149.510(a)(2)(v) and the third sentence of 45 C.F.R. § 149.510(c)(4)(ii)(A). Also, unlike the Texas case, the AMA/AHA plaintiffs' standing is undisputed and nationwide membership of AMA/AHA obviates any question regarding the geographic scope of relief.

Respectfully submitted,

Dated: February 24, 2022

/s James E. Tysse
James E. Tysse
  D.C. Bar No. 978722
Kelly M. Cleary
  D.C. Bar No. 985642
Caroline L. Wolverton
  D.C. Bar No. 496433
Daniel David Graver
  D.C. Bar No. 1020026
Kristen E. Loveland
  D.C. Bar No. 1684978
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
jtysse@akingump.com

*Counsel to Plaintiffs American Medical Association, Stuart M. Squires, M.D., and Victor F. Kubit, M.D.*

/s/ Stephanie Ann Webster
Stephanie Ann Webster
  D.C. Bar No. 982539
Douglas Harry Hallward-Driemeier
  D.C. Bar No. 994052
Ropes & Gray LLP
2099 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 508-4859
Stephanie.Webster@ropesgray.com

Chad Golder
  D.C. Bar No. 976914
American Hospital Association
800 10th Street, N.W.
Two CityCenter, Suite 400
Washington, D.C. 20001
Telephone: (202) 262-4624
cgolder@aha.org

*Counsel to Plaintiffs American Hospital Association, Renown Health, and UMass Memorial Health Care, Inc.*