IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF AIR MEDICAL SERVICES,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>*Defendants*. | Civ. No. 1:21-cv-3031 (RJL)<br><br>Consolidated with<br>No. 1:21-cv-3231 (RJL) |

**PLAINTIFF'S NOTICE OF FILING**

Plaintiff Association of Air Medical Services (AAMS) respectfully submits this Notice to inform the Court of the Departments' filing of "Defendants-Appellants' Unopposed Motion to Hold Case in Abeyance" in *Texas Medical Association v. U.S. Department of Health and Human Services*, No. 22-40264 (5th Cir.) (*TMA*) (Doc. No. 00516301384). AAMS has attached a copy of the Motion to this Notice as Exhibit A.

In the Motion, the Departments ask the U.S. Court of Appeals for the Fifth Circuit to hold the Departments' appeal of *TMA* in abeyance indefinitely, with status reports due at 60-day intervals, because "the Departments expect to issue a final rule early this summer that will supersede the portions of the interim final rule that Plaintiffs challenged." Ex. A at 2. The Departments further state in the Motion that they "are in the process of preparing a final rule that will address the substantive issues that were the subject of the district court's decision" in *TMA*. *Id.*

The Departments' Motion reinforces why AAMS needs relief as soon as possible. The Departments originally expected to publish a final rule in May. Now they expect to do so in early summer. They have no binding deadline and have not agreed to publish a final rule by a date

1

certain.  Nor have they suggested that the final rule will repeal the regulatory guidance that arbitrarily singles out air ambulance providers and treats them differently from all other providers under Interim Final Rule (IFR) Part II.  To the contrary, the Departments state in their Motion that the final rule will address "the substantive issues *that were the subject of the district court's decision,*" as opposed to AAMS's separate and distinct challenges to IFR Parts I and II.

     IFR Parts I and II are harming AAMS members.  The harm will continue unless the Court grants relief.  AAMS renews its request that the Court remedy this inequity by vacating the offending provisions of IFR Parts I and II.

Dated: May 2, 2022

Respectfully submitted,

/s/ *Brian Stimson*
Brian R. Stimson (D.C. Bar No. 1657563)
Sarah P. Hogarth (D.C. Bar. No. 1033884)
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, DC 20001
(202) 756-8000
bstimson@mwe.com
shogarth@mwe.com

*Attorneys for Plaintiff*
*Association of Air Medical Services*